# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 12-cr-175 |
| DERRICK SMITH, ) | |
| ) | |
| Defendant. ) | Judge Sharon Johnson Coleman |
| ) | |

**MEMORANDUM OPINION AND ORDER**

Defendant, Derrick Smith, moves for a new trial [176] pursuant to Federal Rule of Criminal Procedure 33. For the reasons stated herein, the motion is denied.

**Background**

Smith was indicted on April 10, 2012, on a single count of corruptly soliciting a bribe in violation of 18 U.S.C. § 666. On April 3, 2014, a superseding indictment was issued alleging two counts: corruptly soliciting a bribe in violation of 18 U.S.C. § 666 and attempted extortion in violation of 18 U.S.C. § 1951. After an eight-day trial, the jury returned a verdict against Smith on both counts of the superseding indictment. This Court entered judgment of guilty on the verdict on June 10, 2014.

**Legal Standard**

Federal Rule of Criminal Procedure 33 allows the Court to vacate any judgment and grant a new trial if the interest of justice so requires. The Court will grant a new trial if there is a reasonable possibility that the alleged trial error will affect the jury's verdict. *See United States v. Gonzalez,* 319

1

F.3d 291, 297 (7th Cir. 2003). Such motions rarely are granted and "only in those really exceptional cases." *United States v. Reed*, 986 F.2d 191, 192 (7th Cir. 1993).

**Discussion**

Smith moves for a new trial, arguing the Court erred in four ways at trial: (1) in denying Smith the right to present and entrapment defense; (2) in presenting deficient jury instructions regarding intent; (3) in denying Smith the ability to present text message evidence relating to entrapment; and (4) in denying Smith's motion *in limine* to exclude audio recordings as inadmissible hearsay in violation of Smith's right to cross-examination under the Sixth Amendment. The Court will discuss each alleged error in turn.

*1. Denial of Smith's Right to Present an Entrapment Defense*

Smith argues that this Court erred in granting the Government's motion *in limine* to bar Smith from seeking an entrapment defense without first submitting a proffer. The Government asserts that Smith waived the defense.

"Entrapment occurs when the government coerces a defendant into committing an illegal act he was not otherwise predisposed to commit." *United States v. McGill*, 754 F.3d 452, 457 (7th Cir. 2014) (citing *United States v. Russell,* 411 U.S. 423, 434-35, 93 S. Ct. 1637, 36 L. Ed. 2d 366 (1973); *Sherman v. United States*, 356 U.S. 369, 372, 78 S. Ct. 819, 2 L. Ed. 2d 848 (1958); *United States v. Pallido*, 656 F.3d 754, 758 (7th Cir. 2011)). "An entrapment instruction is warranted if the evidence would permit a jury to find that the defendant was not predisposed to commit the crime and that the government induced him to do so. Although more than a scintilla of evidence of entrapment is needed before instruction on the defense becomes necessary, the defendant need only point to evidence in the record that would allow a rational jury to conclude that he was entrapped." *McGill*, 754 F.3d at 457 (internal citations omitted).

2

This Court granted the Government's pretrial motion to have Smith submit a proffer of the evidence in support of an entrapment defense. Smith presented a proffer. (Dkt. 146). In response to the proffer, the Government presented evidence that Smith received $7,500 from a liquor store, which the Government expected to use to demonstrate ample predisposition. Thereafter, Smith informed the Court that he did not intend to offer an entrapment defense. Smith's abandonment of the entrapment defense is further indicated by his failure to propose an entrapment instruction in either of his two proposed jury instruction submissions. (Dkt. 149, 165). In light of Smith's proffer and later abandonment of the defense, this Court did not commit error warranting retrial.

Smith relies on *United States v. McGill*, 754 F.3d 452 (7th Cir. 2014), the most recent Seventh Circuit ruling relating to entrapment issue. McGill was found guilty of possession and distribution of child pornography after the FBI informant, Elliott, pestered McGill for weeks before McGill allowed him to bring a USB drive to his apartment to copy child pornography from his computer. By all accounts Elliott was McGill's only friend. The Court explained that "a line must be drawn between the trap for the unwary innocent and the trap for the unwary criminal" and that "unwary innocents" are not limited to those whose lives are free of crime. *Id.* at 458. The Seventh Circuit reversed the district court's refusal to give the entrapment instruction. The district court found no evidence of predisposition, but refused the instruction because the defendant had not pointed to evidence of inducement. The Seventh Circuit held that exploitation of friendship can constitute proper inducement and the record provided sufficient basis for a rational jury to infer that Elliott. *Id.* at 458, 459.

However, the evidence presented at Smith's trial was significantly different than in *McGill* and Smith's reliance on that case is misplaced. In *McGill*, there was substantial evidence of hesitation and resistance by McGill. Indeed, the evidence there showed that the informant, Elliott, would steer innocent conversations on unrelated subjects back to child pornography and when Elliott pestered

McGill into providing him with child pornography, McGill cancelled, claiming he was sick. Only after Elliott prodded him did McGill allow Elliott to bring a flash drive over to McGill's home to copy his collection. Here, there is not similar evidence of resistance by Smith nor was there constant coaxing and prodding by the informant. The informant in Smith's case was not a close friend, but only a campaign acquaintance. The informant certainly was not Smith's sole confidant. Smith did not express a similar sort of reluctance to participate in the bribery scheme and the informant's repeated questions regarding timing and arrangements are not equivalent to the level of prodding in McGill's case. It was clear from the conversations presented at trial that Smith participated expecting his share of the proceeds. Accordingly, this Court declines to grant a new trial on this issue.

*2. Jury Instructions*

Smith next argues that the Court erred by refusing Smith's proposed instruction on the definition of corrupt intent. Smith proposed the Court instruct the jury as follows:

> A person acts corruptly when that person acts with the understanding that something of value is to be offered or given to reward or influence him in connection with his official duties. A corrupt intent exists only if there is a specific quid pro quo for the public official to engage in a specific official act in exchange for something of value. Vague expectations of some future benefit are not sufficient to make a payment a bribe. (Dkt. 149 at 14).

Smith did not provide authority for giving this instruction and simply cited the statutory provision under which Smith had been charged. Moreover, Smith does not now present any authority for this Court to have given the proposed instruction or authority establishing it was error to refuse it. While it is true that the jury's sole question during deliberations was directed to the definition of intent, that alone does not establish that the Court erred by refusing the instruction. In response to the question, the Court instructed the jury to review the instructions they were given, which defined the term "corruptly" as it is used in the Seventh Circuit pattern instructions. "Corruptly" is the precise state of mind pursuant to which Smith must have acted to be found guilty. Rather than merely intending to act, Smith must have acted corruptly. *See* 18 U.S.C. § 666(a)(1)(B). A

4

defendant is entitled to a particular instruction only if its refusal denies the defendant a fair trial. *United States v. Pedigo,* 12 F.3d 618, 626 (7th Cir. 1993). There is no indication here that Smith was denied a fair trial based on the Court's refusal to give this particular instruction.

*3. Text Message Evidence Relating to Entrapment*

Next, Smith argues that the Court erred in denying Smith the ability to present text message evidence relating to entrapment. Smith asserts that the Court's rulings on which text messages could be presented at trial were inconsistent. All of the text messages were between the Confidential Informant ("CI") and the FBI therefore the reliability of the text messages should have been treated the same. Smith contends that the Court arbitrarily decided which text messages to admit and which to exclude without providing rationale as to their admissibility. Smith argued, at trial and now, that all the messages should have been admitted and the Government argued that all of them should have been excluded.

Smith does not identify which text messages in particular that the Court excluded that denied Smith a fair trial. Smith provides no authority for his position that this Court was required to admit all the text messages or exclude all the text messages rather than do what the Court did, which was direct Smith to identify the particular text messages about which he sought to question Special Agent McDonald. Pursuant to Rule 611, this Court has the authority to "exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to . . . make the interrogation and presentation effective for the ascertainment of the truth." Fed R. Evid. 611. The Court's ruling concerned the propriety of the questioning of McDonald recalled for additional cross-examination. "A party may not call a witness for the sole purpose of impeaching him." *United States v. Vasquez,* 635 F.3d 889, 897 (7th Cir. 2011) (quoting *United States v. Giles*, 246 F.3d 966, 974 (7th Cir. 2001)). Furthermore, Smith informed the Court that he did not intend to pursue the entrapment

5

defense before he was to recall McDonald. This Court exercised its discretion in limiting the additional cross-examination of McDonald by limiting the text messages about which he could be questioned.

*4. Motion in Limine to Exclude Audio Recordings as Inadmissible Hearsay*

Lastly, Smith asserts that the Court erred by denying his motion *in limine* to exclude audio recordings, which were inadmissible hearsay and in violation of Smith's Sixth Amendment right to cross-examination. Smith sought the exclusion of the audio recordings based on the Government's disclosure that it would not be calling the Confidential Informant as a witness. This Court granted the Government's motion to admit the recordings through testimony of law enforcement officers. This Court so ruled because Smith's statements on the recording are unquestionably admissible as party admissions and the Confidential Informant's half of the recorded conversations give context to Smith's statements. *See United States v. Simmons*, 582 F.3d 730, 736 (7th Cir. 2009); *United States v. Tolliver*, 454 F.3d 660, 666 (7th Cir. 2006). The law clearly allows the Government, as the party offering the evidence, to establish authenticity of the recordings through chain of custody or by other foundation as to the trustworthiness and accuracy of the evidence. *United States v. Collins*, 715 F.3d 1032, 1035 (7th Cir. 2013) (citing *United States v. Thomas*, 294 F.3d 899, 904 (7th Cir. 2002), and *United States v. Eberhart*, 467 F.3d 659, 667 (7th Cir. 2006)). Therefore, this Court did not err in admitting the audio recordings even without the testimony of the Confidential Informant.

**Conclusion**

Based on the foregoing, Smith's motion for a new trial is denied.

IT IS SO ORDERED.

Date:   October 29, 2014

Entered: _____